# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:10-cv-01213-JHN-AGRx | Date | March 12, 2010 |
| Title | Ross Valenzuela et al v. Brand Energy and Infrastructure Services et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER TO SHOW CAUSE RE REMAND TO LOS ANGELES SUPERIOR COURT (In Chambers)

## I. BACKGROUND

Plaintiffs Ross Valenzuela and Connie Valenzuela (collectively "Plaintiffs") filed a lawsuit in Los Angeles Superior Court against Defendants Brand Energy Infrastructure Services ("Brand Energy") and Gabriel Martinez ("Martinez") (collectively "Defendants"). (Notice of Removal, Ex. 1, Compl. 1.) Plaintiff Ross Valenzuela worked as a "helper" with Brand Energy. (*Id.* at ¶ 8.) Plaintiffs allege that employees of Brand Energy, specifically Defendant Martinez, discriminated and harassed Plaintiff Ross Valenzuela such that he could not perform his job and required medical attention. (*Id.* at ¶¶ 9–15.)

Plaintiffs asserted nine causes of action: (1) sexual harassment and/or discrimination in violation of California Government Code § 12940; (2) illegal retaliation in violation of California Government Code § 12940(f); (3) constructive discharge; (4) breach of implied-in-fact contract; (5) failure to maintain an environment free from harassment in violation of California Government Code § 12940(l); (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) defamation/slander; and (9) loss of consortium. (Notice of Removal, Ex. 1.)

On February 18, 2010, Defendants removed this action to federal court from Los Angeles Superior Court. Defendants' only stated basis for federal jurisdiction is that Plaintiffs' fourth cause of action for breach of an implied-in-fact contract is "'inextricably intertwined' with the interpretation of the Collective Bargaining Agreement and the terms and conditions of employment addressed therein and, as such, raises a federal question under § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185." (Notice of Removal ¶ 10.) Defendants assert no other independent basis for federal jurisdiction.

## II. LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01213-JHN-AGRx | Date | March 12, 2010 |
|---|---|---|---|
| Title | Ross Valenzuela et al v. Brand Energy and Infrastructure Services et al | | |

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim completely preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987). Generally, though, a plaintiff is the "master of the claim" and may avoid federal jurisdiction by reliance on state law. *Caterpillar, Inc.*, 482 U.S. at 392.

### III. DISCUSSION

In this case, Defendants' basis for federal question jurisdiction is that Plaintiffs' fourth cause of action for breach of an implied-in-fact contract actually arises under federal law or is a state claim preempted by federal law. (Notice of Removal ¶¶ 8–11.) In *Caterpillar, Inc.*, the Supreme Court of the United States rejected the very arguments Defendants now assert. The Court found removal improper, since respondents' state-law complaint for breach of employment contracts was not completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"). *Caterpillar, Inc.*, 482 U.S. at 388, 399. Like the respondents in *Caterpillar, Inc.*, Plaintiffs may have had substantial rights under a collective bargaining agreement and thus could have brought suit under LMRA § 301, but they—as the masters of the Complaint—chose not to do so. *Id.* at 395. Plaintiffs assert no rights under any collective bargaining agreement that are preempted or otherwise require substantial interpretation of federal law. Although Defendants may raise a defense of preemption or other defenses under federal law if they so choose, doing so does not transform this action into one arising under federal law. *Id.* at 399.

### IV. CONCLUSION

**For these reasons, Defendants are ORDERED to show cause as to a basis for federal jurisdiction ON OR BEFORE March 24, 2010.** Failure to do so will result in a remand of this action to the Los Angeles Superior Court. No hearing is scheduled, and the matter will be deemed submitted upon the Court's receipt of Defendants' Response, if any, to the OSC.

Defendant Martinez's Motion to Quash Service of Summons and Complaint (Docket No. 10), filed on February 25, 2010 and scheduled for hearing on March 29, 2010, is hereby removed from the Court's calendar. The Court will reschedule hearing on this matter, if appropriate.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |